**UNITED STATES, Appellee,**

v.

**Specialist Four James W. MYERS, 238–29–1459, United States Army, Appellant.**

**CM 447727.**

U.S. Army Court of Military Review.

23 May 1986.

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Major Joel D. Miller, JAGC, Captain H. Alan Pell, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC (on brief).

Before MARDEN, PAULEY, and De GI-ULIO, Appellate Military Judges.

## OPINION OF THE COURT

PAULEY, Judge:

The appellant was tried by a general court-martial composed of members at Fort Campbell, Kentucky. He was convicted, contrary to his plea, of rape and forcible sodomy; and pursuant to his pleas, of false swearing, in violation of Articles 120, 125 and 134, 10 U.S.C. §§ 920, 925 and 934, respectively. He was sentenced to a dishonorable discharge, confinement for 30 years, total forfeitures, and reduction to Private E–1. The convening authority reduced the period of confinement to 20 years and otherwise approved the sentence. The appellant assigns no errors but requests sentence relief, arguing that the period of approved confinement is inappropriately severe. We disagree.

The appellant accosted the victim as she was walking on a public road at Fort Campbell during the hours of darkness. He forced her to accompany him to a playground located behind an elementary school where he required her to perform repeated acts of sodomy and thereafter raped her. The appellant then displayed a knife to his victim who, according to her testimony, now fearing for her very life, managed to escape the control of the appellant and ran to a nearby home located in a posthousing area.

 The appellant's brief argues that the victim suffered "no physical injuries" and that there "was no evidence of any lasting emotional distress." Further, that she responded to appellant's "oral threats" and that he did not display a weapon "until after the intercourse;" thereby concluding that appellant's crimes are "not the type of brutal assault which would justify the lengthy confinement in this case."[1] As authority for this argument, appellant cites this Court's decision in *United States v. Lewis,* CM 442813 (A.C.M.R. 31 Mar. 1983) (unpub.). In that case, the victim was raped while intoxicated and the Court granted substantial sentence relief, holding that the sentence was "excessive for a non-violent rape." We decline to give any precedential value whatsoever to the *Lewis* case and specifically reject the oxymoronic term of "nonviolent rape." The more enlightened view is that rape is always a crime of violence, no matter the circumstances of its commission.[2]

In the case, *sub judice,* the facts and circumstances involved in appellant's crimes justifiably earned the outrage of the court members as expressed by their sentence. We have carefully considered the entire record and find no reason to disturb the sentence as approved by the convening authority. We have also considered those matters personally raised by appellant and determine them to be without merit. The findings of guilty and the sentence are affirmed.

Senior Judge MARDEN and Judge De GIULIO concur.

---

1. We are not persuaded by this kind of argument. It is not uncommon in sexual assault cases for the victim to offer only verbal protestations as the primary concern often becomes survival and not avoidance of intercourse. In this respect, a "rape victim's response during *the assault is similar to that of the victims of other violent crimes* (emphasis added), such as robbery or kidnapping ..." Ross, *The Overlooked Expert in Rape Prosecutions,* 14 University of Toledo Law Review 707, 719 (Spring 1983); *see also* Burgers and Holmstrom, *Coping Behavior of the Rape Victim,* 133 American Journal of Psychiatry 413 (1976); Symonds, *The Rape Victim: Psychological Patterns of Response,* 36 American Journal of Psychoanalysis 27 (1976).

2. For example, in *United States v. Hammond,* 17 M.J. 218 (C.M.A.1984), Judge Cook, writing for the U.S. Court of Military Appeals, states: "Among common misconceptions about rape is that it is a sexual act rather than a crime of violence."