**UNITED STATES, Appellee,**

v.

**Private E–1 Darrell C. BELL,**
**317–72–5168, United States**
**Army, Appellant.**

**ACMR 8601119.**

U.S. Army Court of Military Review.

24 Nov. 1987.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Captain Stephanie C. Spahn, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Carlton L. Jackson, JAGC, Captain Donald W. Hitzeman, JAGC (on brief).

Before HOLDAWAY, De GIULIO and CARMICHAEL, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

A military judge sitting as a general court-martial found appellant guilty, contrary to his pleas, of indecent assault,[1] rape and burglary. He was sentenced to a dishonorable discharge, confinement for twenty-five years, and total forfeitures. The convening authority approved the sentence.

Appellant alleges that the evidence was insufficient to prove beyond a reasonable doubt that he was guilty of rape, that the

---

1. Appellant was charged with attempted rape, but pled guilty to indecent assault. The military judge found the guilty plea improvident and entered a finding of not guilty. After presentation of evidence, appellant was found guilty of indecent assault.

military judge erred by failing to grant additional administrative credit under Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial (hereinafter R.C.M. or Rule) 305(k) for three days restriction tantamount to confinement, that appellant was denied due process when the military magistrate conducted pretrial confinement *ex parte* proceedings, and that the military judge erred by failing to rule on appellant's motion for appropriate relief. We find no error which would cause this court to disturb the findings of guilty and the sentence.

## I

### Sufficiency of the Evidence to Prove Rape

Private First Class (PFC) P entered her unlocked barracks room in which her two roommates were asleep. Appellant, who was standing in the middle of the room, stated, "Whoops, I must be in the wrong room." They began conversing, and PFC P sat on her bed as she looked through video tapes. Appellant, uninvited, sat on the far end of the bed. Appellant's conversation turned to sex, he moved closer to PFC P, and attempted to kiss her. She told him to get out and to go away. He pushed her back on the bed with his body on top of her. One arm was pinned behind her, and the other was pinned between his body and her body. Appellant stated, "I'm sorry Miss [P], but I love you. You just don't know I love you, and if you were mine, I would give you anything. I'm sorry, but I have to do this." When PFC P told appellant that she would scream, he told her to think about how that would make her look. Over PFC P's protestations, appellant removed PFC P's pants and underwear and had sexual intercourse with her. PFC P testified that she stopped struggling because it appeared appellant was enjoying the struggle. After appellant finished and released PFC P, she jumped up and punched him in the face. He told her that if it made her feel better she could hit him on the other cheek. She did so. Appellant departed PFC P's room leaving his ID card and T-shirt. Sometime after the alleged rape, PFC P destroyed the T-shirt and returned the ID card to appellant. During the incident, PFC P neither screamed nor awoke her roommates. The next day, PFC P informed a friend of the incident. About a week later, she reported the rape after she became aware of an incident resulting in an allegation of attempted rape of PVT J, an offense also before this court.

After the Article 32, UCMJ, investigation, during a conversation with PFC P, appellant agreed that PFC P had told the truth in describing the event. He stated, "but what do you want me to do? Sit there and say, 'Yeah, she's telling the truth,' and send myself to prison?"

Appellant's defense was that he had consensual sexual intercourse with PFC P. In contending the evidence is insufficient to support the conviction of rape, he points to the following factors: (a) appellant and victim's height and weight were comparable, increasing the possibility of successful resistance; (b) PFC P's failure to scream when immediate assistance could have been rendered by her roommates and others showed lack of resistance; (c) no one overheard the alleged forcible sexual intercourse; (d) while under the influence of alcohol, appellant was more inclined to mistake lack of resistance for consent; (e) others knew of the sexual contact between appellant and PFC P and she did not want her boyfriend to learn of it; (f) appellant would not likely have left his ID card and T-shirt in PFC P's room if he had raped her; (g) appellant would not have permitted PFC P to strike him if he had raped her; (h) the rape was not reported until after another alleged sexual assault by appellant was reported; (i) it is unlikely that anyone would commit a rape with two other people sleeping in the same room; (j) the failure of PFC P to report the incident immediately.

In determining if the evidence is legally sufficient to support a conviction, the test is whether after viewing the evidence most favorable to the prosecution, any rational trier of fact would have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560

(1979); *United States v. Hart,* 25 M.J. 143 (C.M.A.1987). In addition to determining legal sufficiency, this court must also find factual sufficiency. *See* Article 66, UCMJ, 10 U.S.C. § 866 (1982). In such determination, of course, we must pay due deference to the trier of fact below who heard and saw the witnesses. Applying this principle to the facts before us, we are convinced beyond a reasonable doubt that the evidence of record supports the conviction of rape.

## II

### Failure to Grant Rule 305(k) Credit

 The military judge ruled that appellant's restriction of three days was tantamount to confinement and awarded appellant three days' administrative credit. Appellant alleges that the military judge should have awarded additional credit under the provisions of Rule 305(k).[2] We find no evidence of a violation of Rule 305 which requires additional administrative credit for the three days of restriction tantamount to confinement. *See United States v. Freeman,* 24 M.J. 547 (A.C.M.R. 1987). We hold, therefore, that the military judge did not err by failing to grant additional administrative credit under Rule 305(k).

## III

### *Ex Parte* Proceedings of the Magistrate

The military magistrate conducted a review of appellant's pretrial confinement. Appellant and defense counsel were given the opportunity and did appear. The magistrate requested additional statements and terminated the hearing. He advised the defense counsel that he would "reconvene at 1100 [hours]" after he had time to review the additional statements. Defense counsel waited outside the magistrate's office. The magistrate had a discussion with appellant's commander and the trial counsel, obtaining information which was used in his decision to continue appellant's pretrial confinement. Appellant alleges that this *ex parte* proceeding removed the magistrate from his neutral and detached position and denied appellant due process. We disagree.

 Procedures for the review of pretrial confinement are contained in Rule 305(i). It provides that a prisoner and his counsel, if any, shall be allowed to appear before the reviewing officer and make a statement. R.C.M. 305(i)(3)(A). A command representative may also appear before the reviewing officer to make a statement. *Id.* It appears that the drafters did not contemplate a requirement that the prisoner or his counsel be present at the entire proceeding. The Analysis explains, "since the initial review may be accomplished without the presence of prisoner or defense counsel, the defense counsel may submit appropriate written matters without personal contact with either the prisoner or the reviewing officer." Manual for Courts–Martial, United States, 1984, Analysis of R.C.M. 305(f), App. 21, A21–15 [hereinafter R.C.M. Analysis]. The review may be conducted entirely with written documents, without the prisoner's presence, when circumstances so dictate. R.C.M. 305(i) Analysis, at A21–16. The question of whether *ex parte* proceedings were contemplated by the drafters is answered in the Analysis when it states,

> [t]he rule calls for a limited proceeding. Matters are to be presented in writing.... The procedures in the review include the opportunity for representation by counsel, access to all information presented to the reviewing officer, the right to present matters for the defense, and, ordinarily, the opportunity for the prisoner and defense counsel to personally address the reviewing officer.

R.C.M. 305(i) Analysis at A21–16–17. We hold, therefore, that *ex parte* proceedings by the magistrate in reviewing pretrial con-

---

**2.** R.C.M. 305(k) provides for one day additional credit for each day of confinement served as a result of noncompliance with subsection (f), (h), (i), or (j) which outline certain procedures required for the review of pretrial confinement.

There is no evidence of a violation of the pertinent subsections. Indeed, appellant's brief merely alleges a general violation of R.C.M. 305 without reference to a specific subsection.

finement are not prohibited by the Manual for Courts–Martial. Indeed, we conclude that the drafters intended the use of *ex parte* proceedings. In the case before us, appellant was represented by counsel. Appellant and counsel personally appeared before the magistrate. They were given the opportunity to address the magistrate and were provided the right to present matters for his consideration. The question of whether appellant was given access to all information presented to the magistrate is answered in the record of trial by the defense counsel when she stated, "[w]ell, it's not that we weren't allowed the opportunity to respond, but he conducted *ex parte* hearings without the defense being present." We find no evidence of record to support the allegation that the magistrate departed his role of being neutral and detached merely because a portion of the proceedings were *ex parte*. We are satisfied that appellant received due process of law.

### IV

### Failure to Rule on Motion

At trial, defense counsel announced that her motion was in two parts. She stated that the first part of her motion concerned the legality of pretrial confinement and the second part concerned restriction that the defense believed was tantamount to confinement. Evidence was presented and arguments were made on the first part of the motion. It appears from the record that the military judge was ready to rule on that part of the motion, but the defense interrupted and presented the second part. The military judge ultimately ruled on the second part of the motion, but never ruled on the first part.[3] Appellant now alleges this failure to rule was error.

 In military law the effect of failure of a military judge to rule on a motion is a case of first impression. We hold that failure of the military judge to rule on the motion is an implied denial of the motion. *See Addington v. Farmer's Elevator Mu-*

tual Insurance Co., 650 F.2d 663, 666 (5th Cir.1981), *cert. denied,* 454 U.S. 1098, 102 S.Ct. 672, 70 L.Ed.2d 640 (1981); *see also Toronto–Dominion Bank v. Central National Bank and Trust,* 753 F.2d 66, 68 (8th Cir.1985). We find no prejudice to appellant by the implied denial of the motion.

### V

We are compelled to comment on the allegation that the sentence is not appropriate. Appellant contends that the rape in the case was decidedly nonviolent. In *United States v. Myers,* 22 M.J. 649 (A.C.M.R.1986), we specifically rejected the oxymoronic term of nonviolent rape. We reiterated the more enlightened view that rape is always a crime of violence. We see no valid reason to disturb that decision. Considering the serious nature of the offenses of which appellant was found guilty, and the entire record, we find the sentence is appropriate.

The issues personally specified by the appellant are also without merit.

The findings of guilty and the sentence are affirmed.

Chief Judge HOLDAWAY and Judge CARMICHAEL concur.

---

3. The first part of the motion was that the magistrate departed from his neutral and detached role by conducting *ex parte* proceedings and thus denied appellant due process. We have addressed this issue in Part III of this opinion.