NO. COA13-896

NORTH CAROLINA COURT OF APPEALS

Filed: 1 April 2014

STATE OF NORTH CAROLINA

v.                                    Forsyth County
                                      No. 02 CRS 60408
MICHAEL TALBERT


Appeal by defendant from order entered 14 February 2013 *nunc pro tunc* to 30 September 2011 by Judge A. Robinson Hassell in Forsyth County Superior Court. Heard in the Court of Appeals 9 December 2013.

> *Attorney General Roy Cooper, by Special Deputy Attorney General Joseph Finarelli, for the State.*
>
> *Mark L. Hayes for defendant-appellant.*


McCULLOUGH, Judge.


Defendant Michael Talbert appeals an order by the trial court requiring him to enroll in lifetime satellite-based monitoring after finding that defendant had committed an aggravated offense within the meaning of N.C. Gen. Stat. § 14-208.6(1a). For the reasons discussed herein, we affirm the trial court's order.

I.   Background

On 12 September 2002, an indictment was returned charging defendant with one count of second-degree rape in violation of N.C. Gen. Stat. § 14-27.3(a). Defendant was also charged with one count of second-degree sexual offense in violation of N.C. Gen. Stat. § 14-27.5(a). Both indictments alleged that the victim was physically helpless at the time of the incident.

On 14 February 2003, a jury found defendant guilty of both charges. Defendant was sentenced to an active term of fifty-one (51) to seventy-one (71) months imprisonment. Defendant was also required to register as a sex offender upon release.

Defendant appealed to our Court. Our Court found no error in the trial court's proceedings in *State v. Talbert*, 2004 N.C. App. LEXIS 711 (2004) (unpublished).

On 5 August 2011, defendant was sent a notice from the North Carolina Department of Correction ("DOC"), informing him that he was to appear for a satellite-based monitoring ("SBM") determination hearing scheduled for 29 August 2011 in Forsyth County Superior Court. DOC had made an initial determination that defendant had been convicted of an aggravated offense as defined in section 14-208.6(1a) of the North Carolina General Statutes, and thus, had met the criteria set out in section 14-208.40(a)(1) requiring enrollment in SBM for life.

Following the hearing, the trial court entered an order 6 July 2012 *nunc pro tunc* to 30 September 2011. The 6 July 2012 order made the following pertinent findings of fact:

> 2) In the State's indictment, the State alleged as to Count 2 specifically with regard to the second-degree rape and sex offense charges -- in Count 1 and Count 2 -- both allegations were with respect to the victim being, at the time, physically helpless. . . .
>
> 3) Upon conviction, the defendant appealed, and the case was heard in the Court of Appeals on February 4, 2004 whereupon it issued its opinion on May 4, 2004 finding no error with the trial court proceedings or with the sentencing.
>
> 4) A copy of the Court of Appeals' opinion was obtained in a duplication by microfilm of the court file upon which the Court takes judicial notice as being an accurate copy and within the bounds as maintained by the Clerk of Superior Court in Forsyth County. . . .
>
> 5) The Court further finds as a fact as set forth in the body of the appellate opinion . . . an account of the facts, the defendant's acknowledgement that he had sex with the victim and his acknowledgment that she had not consented, and his acknowledgement and admission that he removed the victim's pants and underwear while she was passed out[.] [T]he next day, the victim went to the Forsyth Medical Center for a sexual assault examination. Forensic Nurse Courtney Tucker found at least 14 tears to the victim's cervix and bruise on her outer right thigh. Nurse Tucker

> indicated she did not believe the sex was consensual[.] Nurse Tucker also believed that the injuries were consistent with blunt force trauma and with the victim's assertion that she was asleep or passed out at the time of digital penetration and intercourse.

The trial court concluded that defendant had committed an aggravated offense within the meaning of N.C. Gen. Stat. § 14-208.6 and that defendant was an appropriate candidate for lifetime SBM. For reasons unclear from the record, on 14 February 2013, the trial court entered another written order making the same findings of fact and conclusions of law as in the 6 July 2012 order.

Defendant appeals.

## II. Standard of Review

In reviewing the SBM orders, "[w]e review the trial court's findings of fact to determine whether they are supported by competent record evidence, and we review the trial court's conclusions of law for legal accuracy and to ensure that those conclusions reflect a correct application of law to the facts found." *State v. McCravey*, 203 N.C. App. 627, 637, 692 S.E.2d 409, 418 (2010) (citation omitted). "The trial court's findings of fact are conclusive on appeal if supported by competent evidence, even if the evidence is conflicting." *State v.*

*Jarvis*, 214 N.C. App. 84, 94, 715 S.E.2d 252, 259 (2011) (citation and quotation marks omitted).

## III. Discussion

On appeal, defendant argues that (A) because defendant's prior conviction did not involve the use of "force" as contemplated in N.C. Gen. Stat. § 14-208.6(1a), his conviction for second-degree rape did not constitute an aggravated offense, and thus, the trial court erred by requiring defendant to enroll in lifetime SBM. In the alternative, defendant argues that (B) the trial court erred by relying on the particular underlying facts of defendant's prior conviction in determining whether defendant had committed an aggravated offense.

### A. Aggravated Offense

First, defendant argues the trial court erred by finding that his second-degree rape conviction constituted an aggravated offense pursuant to N.C. Gen. Stat. § 14-208.6(1a), subjecting him to lifetime SBM. Specifically, defendant argues that his second-degree rape conviction did not involve the "use of force or threat of serious violence." We disagree.

"When an offender is convicted of a reportable conviction as defined by G.S. 14-208.6(4), and there has been no determination by a court on whether the offender shall be

required to enroll in [SBM], the Division of Adult Correction shall make an initial determination on whether the offender falls into one of the categories described in G.S. 14-208.40(a)." N.C. Gen. Stat. § 14-208.40B(a) (2013). "If the Division of Adult Correction determines that the offender falls into one of the categories described in G.S. 14-208.40(a), the district attorney, representing the Division of Adult Correction, shall schedule a hearing in superior court for the county in which the offender resides." N.C. Gen. Stat. § 14-208.40B(b) (2013).

At defendant's hearing, the trial court found that defendant's second-degree rape conviction constituted an "aggravated offense" within the meaning of N.C. Gen. Stat. § 14-208.6(1a). An "aggravated offense" is defined as

> any criminal offense that includes either of the following: (i) engaging in a sexual act involving vaginal, anal, or oral penetration with a victim of any age through *the use of force* or the *threat of serious violence*; or (ii) engaging in a sexual act involving vaginal, anal, or oral penetration with a victim who is less than 12 years old.

N.C. Gen. Stat. § 14-208.6(1a) (2013) (emphasis added).

"When a trial court determines whether a crime constitutes an aggravated offense, it is only to consider the elements of the offense of which a defendant was convicted and is not to

consider the underlying factual scenario giving rise to the conviction. In other words, the elements of the offense must fit within the statutory definition of aggravated offense." *State v. Green*, __ N.C. App. __, __, 746 S.E.2d 457, 464 (2013) (citation and quotation marks omitted).

In the case *sub judice*, defendant was convicted of second-degree rape based upon an indictment alleging a violation of N.C. Gen. Stat. § 14-27.3(a), which governs situations in which the victim was "physically helpless." N.C.G.S. § 14-27.3(a) provides the following:

> (a) A person is guilty of rape in the second degree if the person engages in vaginal intercourse with another person:
> (1) By force and against the will of the other person; or
> (2) Who is mentally disabled, mentally incapacitated, or *physically helpless*, and the person performing the act knows or should reasonably know the other person is mentally disabled, mentally incapacitated, or *physically helpless*.

N.C.G.S. § 14-27.3(a) (2013) (emphasis added).

The only applicable North Carolina case regarding this issue is addressed in *State v. Oxendine*, 206 N.C. App. 205, 696 S.E.2d 850 (2010). In *Oxendine*, the defendant pled guilty to numerous charges including three counts of second-degree rape

involving a mentally disabled victim under subsection (a)(2). *Id.* at 206, 696 S.E.2d at 851. The defendant was ordered to enroll in SBM after being released from prison and he appealed the trial court's order. *Id.* at 208, 696 S.E.2d at 851-52. The majority accepted the State's argument that the defendant "should nonetheless be required to enroll in lifetime SBM given that he pled guilty to three counts of second-degree rape of a mentally disabled victim, an aggravated offense as defined by N.C.G.S. § 14-208.6(1a)" and based its conclusion solely on our Court's decision in *State v. McCravey*, 203 N.C. App. 627, 692 S.E.2d 409 (2010) (holding that where the essential elements of second-degree rape pursuant to N.C.G.S. § 14-27.3*(a)(1)* are "covered by the plain language of 'aggravated offense' as defined by N.C. Gen. Stat. § 14-208.6(1a), we hold that second-degree rape is an 'aggravated offense'" subject to lifetime SBM). *Id.* at 209, 696 S.E.2d at 853 (emphasis added).

Because we are bound by the decision in *Oxendine*, we reject defendant's arguments that subsection (a)(2) of N.C. Gen. Stat. § 14-27.3 does not constitute an aggravated offense for SBM purposes. *See In re Appeal from Civil Penalty Assessed for Violations of Sedimentation Pollution Control Act*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) (holding that "[w]here a panel of

the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court").

While we reinforce the ultimate conclusion reached in *Oxendine*, we find valuable guidance in Judge Stroud's separate concurring opinion. In her concurrence, Judge Stroud agreed with the ultimate result reached by the majority opinion "to the extent that it . . . remands to the trial court for entry of an order that defendant enroll in SBM for life under N.C. Gen. Stat. § 14-208.40A(c), as second-degree rape under N.C. Gen. Stat. § 14-27.3(a)(2) is an 'aggravated offense' as defined by N.C. Gen. Stat. § 14-208.6(1a)." However, she noted that mere citation to *McCravey* by the majority opinion "is not an adequate rationale for this holding, given the issues raised in this case." *Id.* at 212, 696 S.E.2d at 855. Judge Stroud observed that while *McCravey* held that second-degree rape pursuant to N.C. Gen. Stat. § 14-27.3(a)(1) is an aggravated offense, "this Court has not previously addressed the issue of whether second-degree rape under N.C. Gen. Stat. § 14-27.3(a)(2) is an 'aggravated offense.'" *Id.* at 213, 696 S.E.2d at 855. In order

to provide a "more in-depth analysis" of the issue, Judge Stroud

stated the following:

> In *McCravey*, the defendant argued "that the statutory definition of 'aggravated offense' in N.C. Gen. Stat. § 14-208.6(1a) is unconstitutionally vague because it does not specify what constitutes 'use of force[.]'" [*McCravey*] at __, 692 S.E.2d at 418. This Court considered the context and purpose of the SBM statute and the case law which has defined "the force required in a sexual offense of this nature." *Id.* at __, 692 S.E.2d at 419-20. In *McCravey*, we held that
>
>> The language of N.C. Gen. Stat. § 14-208.6(1a) – 'through the *use of force* or the threat of serious violence' – reflects the established definitions as set forth in case law of both physical force and constructive force, in the context of the sexual offenses enumerated in N.C. Gen. Stat. §§ 14-27.2, 14-27.3, 14-27.4, and 14-27.5. (emphasis added).
>>
>> The legislature intended that the same definition of force, as has been traditionally used for second-degree rape, to apply to the determination under N.C. Gen. Stat. § 14-208.6(1a) that an offense was committed by 'the use of force or the threat of serious violence.' *Id.*

*Id.* at 213-14, 696 S.E.2d at 855-56 (emphasis added).

Furthermore, Judge Stroud discussed our Supreme Court's

decision in *State v. Holden,* 338 N.C. 394, 450 S.E.2d 878

(1994), a case we find relevant to the issue before us. In

*Holden*, the defendant argued that there was no evidence presented from which a jury could find that a prior conviction of attempted second-degree rape involved violence or the threat of violence, sufficient to prove an aggravating factor pursuant to N.C.G.S. § 15A-2000(e)(3).  *Id.* at 404, 450 S.E.2d at 883. The North Carolina Supreme Court held that attempted second-degree rape pursuant to N.C. Gen. Stat. § 14-27.3(a)(2) involved the "use or threat of violence to the person" within the meaning of N.C. Gen. Stat. § 15A-2000(e)(3), which lists aggravating circumstances that may be considered when sentencing a defendant to life or death.  *Id.*  Under N.C. Gen. Stat. § 15A-2000(e)(3), the required prior felony

> can be either one which has as an element the involvement of the use or threat of violence to the person, such as rape or armed robbery, or a felony which does not have the use or threat of violence to the person as an element, but the use or threat of violence to the person was involved in its commission.

*Id.* (citations omitted) (emphasis added).  The *Holden* Court noted that "for purposes of N.C.G.S. § 15A-2000(e)(3), rape is a felony which has as an element the use or threat of violence to the person" and that the "felony of attempt to commit rape is therefore by nature of the crime a felony which threatens violence."  *Id.* at 404-405, 450 S.E.2d at 883-84 (citations

omitted).  The *Holden* Court rejected the "notion of any felony which may properly be deemed 'non-violent rape'" and relied on the opinions of military courts:

> Under the Uniform Code of Military Justice, rape is always, and under any circumstances, deemed as a matter of law to be a crime of violence.  *United States v. Bell*, 25 M.J. 676 (A.C.M.R. 1987), *rev. denied*, 27 M.J. 161 (C.M.A. 1988); *United States v. Myers*, 22 M.J. 649 (A.C.M.R. 1986), *rev. denied*, 23 M.J. 399 (C.M.A. 1987).  As stated in *Myers*, military courts "specifically reject the oxymoronic term of 'non-violent rape.'  The more enlightened view is that rape is always a crime of violence, no matter what the circumstances of its commission."  *Myers*, 22 M.J. at 650.  "Among common misconceptions about rape is that it is a sexual act rather than a crime of violence."  *United States v. Hammond*, 17 M.J. 218, 220 n.3 (C.M.A. 1984).

*Id.* at 405, 450 S.E.2d at 884 (citation omitted).  Based on similar logic, the *Holden* Court held that the crime of attempted rape always involved at least a "threat of violence" within the meaning of N.C. Gen. Stat. § 15A-2000(e)(3) and stated the following:

> The acts of having or attempting to have sexual intercourse with another person who is mentally defective or incapacitated and statutorily deemed incapable of consenting – just as with a person who refuses to consent – involve the "use or threat of violence to the person" within the meaning of N.C.G.S. § 15A-2000(e)(3).  In this context, the force inherent to having sexual intercourse with a person who is

deemed by law to be unable to consent is sufficient to amount to 'violence' as contemplated by the General Assembly in this statutory aggravating circumstance. Likewise, the attempt to have sexual intercourse with such a person inherently includes a threat of force sufficient to amount to a "threat of violence" within the meaning of this aggravating circumstance.

Nor do we believe that having or attempting to have sexual intercourse with a "physically helpless" person in violation of N.C.G.S. § 14-27.3(a)(2) may properly be deemed "non-violent" rape or attempted rape. We find no merit in the suggestion that N.C.G.S. § 14-27.3(a)(2) makes it a crime to have *consensual* sexual intercourse with a physically helpless person.

*Id.* at 406, 450 S.E.2d at 884-85 (citations omitted) (emphasis in original).

For the foregoing reasons, we conclude that the elements of second-degree rape under N.C. Gen. Stat. § 14-27.3(a)(2) are sufficient to constitute an "aggravated offense" as defined in N.C. Gen. Stat. 14-208.6(1a). Accordingly, we hold that the trial court did not err in ordering defendant to enroll in lifetime SBM.

B.  Elements of the Convicted Offense

Defendant argues and the State concedes that at the SBM hearing and in both the 29 June 2012 order and 14 February 2013 order, the trial court referenced and relied on several

underlying facts of defendant's second-degree rape offense in its determination of whether defendant had committed an aggravated offense for SBM purposes.

It is well established, when determining whether an offense is an aggravated offense pursuant to N.C.G.S. § 14-208.40A, the trial court is only to consider the elements of the offense of which a defendant was convicted and is not to consider the underlying factual scenario. *See Green*, __ N.C. App. at __, 746 S.E.2d at 464. However, as discussed above, this Court has previously held that the offense of second-degree rape under subsection (a)(2) constitutes an aggravated offense. Therefore, the trial court properly ordered defendant to enroll in lifetime SBM. Any reliance on the underlying facts of defendant's offense to determine that it was an aggravated offense and any procedural defects were harmless in the circumstances before us. The order of the trial court subjecting defendant to lifetime SBM is affirmed.

Affirm.

Chief JUDGE MARTIN and JUDGE ERVIN concur.