An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1217

NORTH CAROLINA COURT OF APPEALS

Filed: 3 June 2014

STATE OF NORTH CAROLINA

v.

TERRY WAYNE HARRIS

Durham County
No. 06 CRS 40556

Appeal by defendant from judgment entered 24 June 2013 by Judge Orlando F. Hudson in Durham County Superior Court. Heard in the Court of Appeals 19 February 2014.

> *Attorney General Roy Cooper, by Special Deputy Attorney General Joseph Finarelli, for the State.*
>
> *Wait Law, P.L.L.C., by John L. Wait, for defendant-appellant.*

McCULLOUGH, Judge.

Defendant Terry Wayne Harris appeals from an order by the trial court, requiring him to enroll in lifetime satellite-based monitoring. On appeal, defendant argues that the trial court erred by finding that defendant had committed an aggravated offense within the meaning of section 14-208.6(1a) of the North Carolina General Statutes. Based on the reasons stated herein, we affirm the order of the trial court.

I.   Background

On 3 July 2008, defendant was indicted for one count of second-degree rape in violation of N.C. Gen. Stat. § 14-27.3(a). The indictment alleged that on 30 December 2005, defendant "unlawfully, willfully, and feloniously did carnally know and abuse [the victim], who was at the time mentally disabled and at the time the defendant knew [the victim] was mentally disabled."

On 9 September 2008, defendant pled guilty to the second-degree rape charge. Based on the trial court's determination that defendant had a prior record level of IV, defendant received a minimum sentence of 80 months to a maximum sentence of 105 months imprisonment.

In a letter dated 9 March 2013, defendant was sent a notice from the North Carolina Department of Correction ("DOC"), informing him that he was to appear for a satellite-based monitoring ("SBM") determination hearing scheduled for 15 April 2013 in Durham County Superior Court. DOC had made an initial determination that defendant had been convicted of an aggravated offense pursuant to N.C. Gen. Stat. § 14-208.6(1a) and thus, had met the criteria set out in N.C. Gen. Stat. § 14-208.40(a)(1), requiring lifetime SBM.

Following a hearing, the trial court entered an order on 24 June 2013 requiring defendant to enroll in lifetime SBM. The trial court found the following:

1. The defendant was convicted of a reportable conviction as defined by G.S. 14-208.6(4), but the sentencing court made no determination on whether the defendant should be required to enroll in [SBM] under Article 27A of Chapter 14 of the General Statutes.

2. The Division of Adult Correction has made an initial determination that the offender falls into at least one of the categories requiring [SBM] under G.S. 14-208.40[.]

. . . .

4. The defendant (a) falls into at least one of the categories requiring [SBM] under G.S. 14-208.40 in that (iii) the offense of which the defendant was convicted was an aggravated offense.

Defendant timely appeals the 24 June 2013 order.

## II.  Standard of Review

In reviewing SBM orders, "[w]e review the trial court's findings of fact to determine whether they are supported by competent record evidence, and we review the trial court's conclusions of law for legal accuracy and to ensure that those conclusions reflect a correct application of law to the facts found." *State v. McCravey*, 203 N.C. App. 627, 637, 692 S.E.2d 409, 418 (2010) (citation omitted). "The trial court's findings

of fact are conclusive on appeal if supported by competent evidence, even if the evidence is conflicting." *State v. Jarvis*, 214 N.C. App. 84, 94, 715 S.E.2d 252, 259 (2011) (citation and quotation marks omitted).

## III. Discussion

On appeal, defendant argues that his prior conviction of second-degree rape under N.C. Gen. Stat. § 14-27.3(a)(2) does not constitute an aggravated offense as defined in N.C. Gen. Stat. § 14-208.6(1a). Thus, defendant contends that the trial court erred by ordering him to enroll in lifetime SBM.

N.C. Gen. Stat. § 14-208.6(1a) defines an "aggravated offense" as

> any criminal offense that includes either of the following: (i) engaging in a sexual act involving vaginal, anal, or oral penetration with a victim of any age through the use of force or the threat of serious violence; or (ii) engaging in a sexual act involving vaginal, anal, or oral penetration with a victim who is less than 12 years old.

N.C. Gen. Stat. § 14-208.6(1a) (2013).

> When a trial court determines whether a crime constitutes an aggravated offense, it is only to consider the elements of the offense of which a defendant was convicted and is not to consider the underlying factual scenario giving rise to the conviction. In other words, the elements of the offense must fit within the statutory definition of aggravated offense.

*State v. Green,* __ N.C. App. __, __, 746 S.E.2d 457, 464 (2013) (citation and quotation marks omitted).

In the present case, defendant was convicted of one count of second-degree rape based upon an indictment alleging a violation of N.C. Gen. Stat. § 14-27.3(a), which governs situations in which the victim is mentally disabled and where the person engaging in vaginal intercourse "knows or should reasonably know" that the victim is mentally disabled. N.C. Gen. Stat. § 14-27.3(a) provides as follows:

> (a) A person is guilty of rape in the second degree if the person engages in vaginal intercourse with another person:
> (1) By force and against the will of the other person; or
> (2) Who is *mentally disabled*, mentally incapacitated, or physically helpless, and the person performing the act knows or should reasonably know the other person is *mentally disabled*, mentally incapacitated, or physically helpless.

N.C. Gen. Stat. § 14-27.3(a) (2013) (emphasis added).

In *State v. Talbert*, 2014 N.C. App. LEXIS 316 (2014), our Court addressed this identical issue. In *Talbert*, the defendant was convicted of second-degree rape based upon an indictment alleging that the victim was physically helpless at the time of the incident in violation of N.C. Gen. Stat. § 14-27.3(a)(2).

*Id.* at __, __ S.E.2d at __. Following a SBM determination hearing, the trial court entered an order finding that the *Talbert* defendant had committed an aggravated offense within the meaning of N.C. Gen. Stat. § 14-208.6 and ordered the defendant to enroll in lifetime SBM. *Id.* at __, __ S.E.2d at __. The *Talbert* defendant appealed the SBM determination. Our Court held that because the elements of second-degree rape under N.C. Gen. Stat. § 14-27.3(a)(2) were sufficient to constitute an "aggravated offense" for SBM purposes, the trial court's order subjecting defendant to lifetime SBM should be affirmed. *Id.* at __, __ S.E.2d at __.

Because the case *sub judice* is indistinguishable from *Talbert*, we are bound by the decision of our Court. *See In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court.").

Accordingly, we hold that the trial court did not err by finding that defendant's second-degree rape conviction under N.C. Gen. Stat. § 14-27.3(a)(2) constituted an aggravated offense as defined in N.C. Gen. Stat. § 14-208.6(1a) and by

requiring defendant to enroll in lifetime SBM.  The 24 June 2013 order of the trial court is affirmed.

Affirmed.

Judges HUNTER, Robert C., and GEER concur.

Report per Rule 30(e).