**UNITED STATES, Appellee,**

v.

**Sergeant Mitchell W. DENT,
257–25–7213, United States
Army, Appellant.**

**ACMR 8702742.**

U.S. Army Court of Military Review.

30 Aug. 1988.

For Appellant: Lieutenant Colonel Joel D. Miller, JAGC, Major Marion E. Winter, JAGC, Captain Ralph L. Gonzalez, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC (on brief).

Before DeFORD, KANE, and WERNER, Appellate Military Judges.

OPINION OF THE COURT

KANE, Judge:

Pursuant to his pleas, the appellant was convicted by a general court-martial composed of officer and enlisted members of unauthorized absence, missing movement by design, and wrongful cohabitation in violation of Articles 86, 87 and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 886, 887, and 934 (1982). The convening authority approved his sentence to a bad-conduct discharge, confinement for one year, forfeiture of all pay and allowances and reduction to the grade of Private E1.

On appeal, the appellant contends *inter alia* that the military judge erred in failing to grant him additional credit against his confinement for lack of compliance with the review requirements of Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 305(i) [hereinafter R.C. M.]. We agree.

On 6 June 1987, the appellant absented himself from his unit located at Vicenza, Italy. He returned to the United States where he worked a variety of small jobs until he voluntarily returned to military control at Fort Sill, Oklahoma, on 20 October 1987. At that time, the appellant was attached to the Personnel Control Facility (PCF) at Fort Sill and was ordered into pretrial confinement by the commander of the PCF. On 23 October 1987, the appellant was returned under escort to Vicenza, Italy. The appellant spent the night of 23 October 1987 in the detention cell at Caserma Ederle at Vicenza. The following day he was transported to the confinement facility at Camp Darby, Livorno. On 31 October 1987, a military magistrate reviewed and approved the appellant's continued pretrial confinement.

At trial, the government contended that the logistical problems and delays in the physical movement of the appellant from Fort Sill back to Italy "and into the proper confinement facility" justified extending the seven day time provision of R.C.M. 305(i)(1) to ten days as permitted by R.C.M. 305(i)(4).[1] The military judge denied the appellant's motion without making any findings on the record.

 We find that the appellant was placed into pretrial confinement on 20 October 1987; a magistrate's review of the pretrial confinement was not accomplished until 31 October 1987, some twelve days after imposition of pretrial confinement. *United States v. DeLoatch,* 25 M.J. 718, 719 n. 2 (A.C.M.R.1987). R.C.M. 305(i)(1). On appeal, as at trial, the government contends that the circumstances of this case entitle the government to the three day extension permitted by R.C.M. 305(i)(4). While this may be true in fact, we find no evidence of record that the government requested such an extension or that the magistrate granted such an extension. The rule states that "the reviewing officer may, for good cause, extend the time limit ... to ten days." R.C.M. 305(i)(4). We do not read this provision as permitting a belated request for or grant of extension after the fact of the magistrate's review. We reject the government's argument that "[t]he evidence of record does not establish that the magistrate did not" grant such an extension. As the burden of proof of compliance rests with the government, so must the burden of proving the grant of extension. Consequently, the military judge should have ordered five days of credit under R.C.M. 305(k). *See United States v. Ballesteros,* 25 M.J. 891, 894 (A.C.M.R.1988) (credit under R.C.M. 305(k) is to be computed from day that the magistrate's review should have occurred until the day before actual compliance). *See also United States v. DeLoatch,* 25 M.J. 718 (A.C.M.R.1987).

Accordingly, the appellant is entitled to a five-day R.C.M. 305(k) credit. This credit shall be applied against his approved sentence to confinement.

We have considered the appellant's other assertions of error, including those personally asserted by the appellant, and find them to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge DeFORD and Judge WERNER concur.

---

1. The military magistrate's review could have been held at Fort Sill, Oklahoma, the place of original confinement. While some cases may warrant a delay in the magistrate's review as a consequence of transporting the accused, this case does not present a basis for such delay.