UNITED STATES, Appellee,

v.

Private E1 Richie D. SHELTON,
448–78–0764, United States
Army, Appellant.

ACMR 8701995.

U.S. Army Court of Military Review.

5 Oct. 1988.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Major Kathleen A. Vanderboom, JAGC, Captain Lida A.S. Savonarola, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC, Captain Joseph P. Falcone, JAGC (on brief).

Before FELDER, GILLEY, and KENNETT, Appellate Military Judges.

## OPINION OF THE COURT

GILLEY, Judge:

Pursuant to his pleas, the appellant was found guilty of conspiracy to commit robbery and robbery, in violation of Articles 81 and 122, Uniform Code of Military Justice, 10 U.S.C. §§ 81 and 922 (1982). The military judge, sitting as a general court-martial, sentenced him to a bad-conduct discharge, confinement for 300 days, and total forfeiture of pay and allowances. The convening authority approved the sentence.

### I. *Commander's Review of Pretrial Confinement*

The appellant contends that the military judge erred by denying his request for two days credit because his commander did not review and find continued pretrial confinement appropriate until the sixth day of the confinement. We find that one day additional credit is due.

■ On 14 May 1987, the appellant was placed in pretrial confinement at Fort Sill, Oklahoma. On 20 May, his unit commander, at Fort Carson, Colorado, signed a memorandum stating that pretrial confinement would be continued should the appellant be returned to Fort Carson.[1] On 21 May, he was returned to Fort Carson. The record does not establish whether a commander at Fort Sill ever determined, or if appellant's unit commander at Fort Carson determined before 20 May that continued confinement was warranted. Likewise, the record does not establish when appellant's unit commander at Fort Carson learned of appellant's confinement.

Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial [hereinafter R.C.M.] 305(h)(1) provides:

*Report.* Unless the commander of the prisoner ordered the pretrial confinement, the commissioned, warrant, noncommissioned, or petty officer to whose charge the prisoner was committed shall, within 24 hours after that commitment, cause to be made a report to the commander which shall contain the name of the prisoner, the offenses charged against the prisoner, and the name of the person who ordered or authorized confinement.

The discussion to the Rule states:

This report may be made by any means. Ordinarily, the immediate commander of the prisoner should be notified. In unusual cases any commander to whose authority the prisoner is subject, *such as the commander of the confinement facility,* may be notified. *In the latter case, the commander so notified must*

---

1. We accept the memorandum of the commander at Fort Carson as sufficient for a commander's determination even though the appellant was not there. The memorandum provided a sound basis for his decision.

*ensure compliance with subsection (h)(2) of this rule.* (Emphasis added.)

Rule for Courts–Martial 305(h)(2) provides:

*Action by commander.*

(A) *Decision.* Not later than 72 hours after ordering a prisoner into pretrial confinement, or after receipt of a report that a member of the commander's unit or organization has been confined, the commander shall determine whether pretrial confinement will continue.

■ On the facts, we conclude that the record of trial fails to show compliance with R.C.M. 305(h)(2)(A). Even if appellant was not formally attached to a unit at Fort Sill solely because of his incarceration there, he was, at a minimum, subject to the authority of the Fort Sill confinement facility commander. *See* R.C.M. 305(h)(1) discussion. Upon notification that the appellant was confined in his facility, that commander had until not later than 72 hours after the notification to decide whether the pretrial confinement would continue. In the alternative, pursuant to R.C.M. 305(h)(1), the confinement facility commander was required, within 24 hours after appellant's incarceration, to report that incarceration to appellant's unit commander at Fort Carson, or to the commander of the unit at Fort Sill to which appellant was attached, *or to the installation commander at Fort Sill.*[2] Whichever commander was so notified by the confinement facility commander had until not later than 72 hours after the notification to decide whether the pretrial confinement would continue.[3] As the available evidence reflects that the decision to continue the pre-

trial confinement was not made until the sixth day of confinement, rather than within the maximum limit here of 96 hours, appellant is entitled to one day additional credit against his sentence to confinement.[4]

## II. *Military Magistrate's Review*

■ We also agree with the appellant that he should have received six rather than three days credit against confinement for late magisterial review of his pretrial confinement. Rule for Courts–Martial 305(k) provides day-for-day credit for failure to comply with R.C.M. 305(i). That rule also provides for magisterial review within seven days of the imposition of confinement, except that the "reviewing officer may, for good cause, extend the time limit for *completion* of the initial review to 10 days after the imposition of pretrial confinement" R.C.M. 305(i)(4) (emphasis added). Further, R.C.M. 305(i)(6) provides that the "reviewing officer's conclusions, including the factual findings on which they are based, shall be set forth in a written memorandum." Here, magisterial review occurred thirteen days after imposition of pretrial confinement, but no reason is given in the magistrate's memorandum as to why his review did not occur by the seventh or even by the tenth day of pretrial confinement. The military judge found no explanation for tardy review, but concluded, "we had 13 days[;] however, because the review could occur as late as the tenth day, only three days were due as the result of noncompliance with the Rules."

We have never inferred "good cause" for a delay in magisterial review simply be-

2. Rule for Courts–Martial 305(g) provides that the commander of the installation on which the confinement facility is located may direct a prisoner's release from pretrial confinement.

3. If continued pretrial confinement is approved, the commander must prepare the memorandum required by R.C.M. 305(h)(2)(C). The only timeliness requirement attached to this memorandum is that it must be available for the military magistrate's review, that is, by the seventh day of pretrial confinement. *United States v. Freeman,* 24 M.J. 547, 549 (A.C.M.R.1987).

4. Regarding duties in this area, we observe the following: (a) the military judge and both counsel bear the responsibility to determine at the

trial level whether the commander's determination, as well as the magistrate's review, occurred on time and as prescribed by R.C.M. 305. *Cf. United States v. Hill,* 26 M.J. 836, 838 (A.C.M.R. 1988); (b) in *United States v. Freeman,* 24 M.J. at 549, this court presumed compliance with R.C.M. 305(h)(2)(A), because Freeman's commander who imposed the restriction tantamount to confinement decided it would continue. However, we decline to extend that presumption of compliance to situations of actual pretrial confinement. Military magistrates are well-situated to and should gather pertinent facts documenting whether the commander's determination was timely. That information should be placed in or attached to the magistrate's memorandum. R.C.M. 305(i)(6).

cause the review was late. *See United States v. Dent*, 26 M.J 968, 969 (A.C.M.R. 1988) (burden of proof on government to show compliance with R.C.M. 305); *United States v. Deloatch*, 25 M.J. 718, 719 (A.C. M.R.1987). Doing so, especially here, where confinement began at one post and the appellant was transferred in confinement to another post on the seventh day, would result in allowing ten days for magisterial review without meeting the requirement for "good cause" prescribed in R.C. M. 305(i)(4). We find no need to infer good cause here. If good cause for delay exists, it should be established and stated as such in the magistrate's memorandum. *See* R.C.M. 305(i)(6).

■ The government urges waiver of the credit here because the trial defense counsel stated "[d]efense further feels that in the absence of any compelling reason, at most, the magistrate can wait ten days to give ... a magistrate's review. In this case it took 13. Therefore, the defense urges 305k—R.C.M. 305k, should be applied and the accused given additional credit for those days." We will not apply waiver to such a representation, especially when the defense raised the issue of untimely review of pretrial confinement. The military judge and both counsel bear the responsibility to ensure that correct credit is applied for tardy magisterial review. *See United States v. Hill*, 26 M.J. at 838.

■ As appellant has already served the confinement portion of his sentence, we will apply the additional credit against his approved forfeitures. *United States v. Berry*, 24 M.J. 555, 557 (A.C.M.R.1987); R.C.M. 305(k).

The findings of guilty and the sentence are affirmed. Appellant shall receive four days pay credit against his sentence to forfeitures.

Senior Judge FELDER and Judge KENNETT concur.