**UNITED STATES, Appellee,**

v.

**Sergeant Allen L. JUSTICE, Sr., 408–15–0741, United States Army, Appellant.**

**ACMR 8902597.**

U.S. Army Court of Military Review.

12 Feb. 1991.

For Appellant: Captain Mark L. Toole, JAGC, Captain Brian D. Bailey, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Denise J. Arn, JAGC, Captain Timothy J. Saviano, JAGC (on brief).

Before De GIULIO, NAUGHTON and VARO, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by general court-martial composed of officer and enlisted members. In accordance with his pleas, he was found guilty of unpremeditated murder of his wife, two specifications of wrongful appropriation and absence without leave.[1] He was sentenced to a dishonorable discharge, confinement for life, total forfeitures, and reduction to Private E1. The convening authority approved the sentence.

Appellant alleges two errors which have been briefed and several pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). We find all allegations of error without merit and affirm.

After using cocaine, appellant went to his estranged wife's barracks to ascertain if she had been able to obtain a loan so he could repay over $2,000.00 which he had stolen from his girlfriend. His wife, who was also a soldier, was willing to help appellant because she did not want to see him go to jail. Appellant had concealed on his person a kitchen knife which he had taken from his girlfriend's apartment. Appellant and his wife agreed to have sex. After disrobing and getting into bed, an argument ensued. Ultimately, appellant stabbed his wife eight times in the chest, arms, and abdomen. Other soldiers in the barracks heard sounds from the room similar to people wrestling. They heard appellant's wife cry for help. Appellant was seen in the hall outside the room. He was bare chested and was not wearing shoes. Appellant's wife made statements that appellant had stabbed her. Appellant's shoes and shirt were found in his wife's room. Approximately six hours later, appellant's wife died because of the wounds. Later, appellant was found hiding in the closet of the master bedroom in his girlfriend's apartment. He was apprehended and placed in pretrial confinement.

On the seventh day of pretrial confinement, the magistrate notified defense counsel that he would conduct the magistrate's review later that evening. The hearing was set for 2030 hours. Before the scheduled hearing, defense counsel notified the magistrate that the packet was too voluminous, that he could not finish his review of the packet until after midnight, that the hearing would be held when the defense was ready, and that any delay would not be attributed to the defense. The magistrate indicated that he was ready to go with the review but would delay it until the next day and would leave the question of attribution of the delay to the military judge. At trial, the military judge found that the one day delay was for good cause and that no late review credit was due appellant. Prior to his review of appellant's pretrial confinement, the same military magistrate had issued a search warrant to obtain certain body fluids from appellant.

Appellant contends that the military judge erred in ruling that the magistrate's review of pretrial confinement was delayed for good cause and in denying appellant's motion for an additional day of administrative credit.

To continue pretrial confinement, a magistrate's review shall be made within seven days of the imposition of confinement. Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 305(i)(1) [hereinafter R.C.M.]. R.C.M. 305(i)(4) provides that the "reviewing officer may, for good cause, extend the time limit for completion of the initial review to ten days after the imposition of pretrial confinement." In *United States v. Dent*, 26 M.J. 968, 969 (A.C.M.R.1988), this court noted that a belated request for an extension after the fact of a magistrate's review could not result in the granting of an extension for good cause and the government has the burden of proving the grant of

---

**1.** Appellant was charged with premeditated murder. He negotiated a pretrial agreement to plead guilty to unpremeditated murder and to the other offenses of which he was found guilty provided the convening authority would not proceed on the premeditated murder charge. Pursuant to the agreement, the convening authority could approve any lawful sentence adjudged by the court.

extension. If good cause for an extension exists, it should be established and stated in the magistrate's memorandum. *See* R.C.M. 305(i)(6); *United States v. Shelton,* 27 M.J. 540, 543 (A.C.M.R.1988). In both *Dent* and *Shelton,* there was no delay granted by the magistrate. The question of whether there was good cause for delay was raised after the fact. In the case before us, unlike *Dent* and *Shelton,* the delay was granted by the magistrate. Additionally, in this case, there is a written decision by the magistrate recording that the reason for the delay was defense counsel's inability to prepare for the hearing. Considering these circumstances, we hold that the magistrate's action in delaying the review of pretrial confinement because of defense counsel's inability to prepare was sufficient to satisfy the requirement of good cause. The delay was properly granted and appellant is not entitled to credit against his pretrial confinement for the delay.

Appellant contends that since the magistrate who conducted the pretrial confinement review had predetermined that probable cause existed to authorize the search, he was not neutral and detached. As a consequence, he contends there was no proper pretrial confinement review as required by R.C.M. 305(i)(2) and he is entitled to 118–days credit under R.C.M. 305(k).

The fourth amendment requirement of *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), that a neutral and detached magistrate determine if probable cause exists to detain a person has been applied to the military. *Courtney v. Williams,* 1 M.J. 267, 269 (C.M.A.1976). The review of pretrial confinement should be by a magistrate or a judge rather than one who is "inextricably linked to the command function of policing and law enforcement in the military community." *United States v. Lynch,* 13 M.J. 394, 396 (C.M.A. 1982). The requirement for a neutral and detached magistrate to review pretrial confinement has been incorporated into R.C.M. 305(i)(2). The remedy for violating this

provision is one day of additional credit for each day in pretrial confinement R.C.M. 305(k). Army Reg. 27–10, Military Justice, para 9–1 (22 December 1989) contains the provisions authorizing military magistrates to review pretrial confinement and also to issue search warrants. We find nothing in the regulation prohibiting a magistrate from performing both functions in the same case. *See United States v. Bell,* 25 M.J. 676, 678 (A.C.M.R.1987), *pet. denied,* 27 M.J. 161 (C.M.A.1988). The facts of this case disclose no indication of conflict by the magistrate in performing both functions. We hold, therefore, that the magistrate's issuance of the search warrant did not remove him from being neutral and detached for the later review of pretrial confinement in the same case.

Among the many issues personally raised by appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982) is the allegation of ineffective assistance of trial defense counsel. This court offered appellant the opportunity to submit an affidavit detailing his allegation and ordered government to obtain an affidavit from trial defense counsel. Affidavits by both parties were submitted. After considering the affidavits and the record of trial, we are convinced that trial defense counsel's conduct was within the standards set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, *reh'g denied,* 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984).

Other allegations of error personally raised by appellant are also without merit.

The findings of guilty and the sentence are affirmed.

Judge NAUGHTON and Judge VARO concur.