UNITED STATES, Appellee

v.

Allen S. HARRIS, Private First Class
U.S. Marine Corps, Appellant

No. 07-0508

Crim. App. No. 200500452

United States Court of Appeals for the Armed Forces

Argued January 14, 2008

Decided March 25, 2008

STUCKY, J., delivered the opinion of the Court, in which EFFRON,
C.J., and BAKER, ERDMANN, and RYAN, JJ., joined.


<u>Counsel</u>


For Appellant:  Lieutenant Heather L. Cassidy, JAGC, USN
(argued); Lieutenant Richard H. McWilliams, JAGC, USN.

For Appellee:  Lieutenant Timothy H. Delgado, JAGC, USN
(argued); Major Brian K. Keller, USMC (on brief); Commander Paul
C. LeBlanc, JAGC, USN, and Lieutenant Tyquili R. Booker, JAGC,
USN.

Military Judges:  P. H. McConnell and S. F. Day


<u>**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION**</u>.

Judge STUCKY delivered the opinion of the Court.

We granted review to consider whether the United States Navy-Marine Corps Court of Criminal Appeals erred by failing to award Appellant sufficient additional pretrial confinement credit for unduly rigorous brig conditions and improper denial of necessary medical care, and whether the relief the court ordered was meaningful. We hold that Appellant failed to meet his burden to establish his entitlement to additional confinement credit, and any meaningful relief would be disproportionate to any harm that Appellant may have suffered.

I.

After an evening of consuming alcohol, Appellant assaulted two other Marines in separate incidents -- he chased one with a knife, and stabbed the other. As a result of those assaults, Appellant served 186 days in pretrial confinement.

At trial, Appellant moved for additional confinement credit for the following reasons: (1) the decision to place him in pretrial confinement was an abuse of discretion -- that is, it failed to explain the need for confinement and failed to consider lesser forms of restraint and justify why lesser forms of restraint would be inadequate; (2) he was inappropriately classified as a maximum security detainee which caused him to be placed in special quarters; and (3) he suffered from extreme heat, lack of medical attention, restricted television, exercise,

2

and food selection privileges, rodent and pest infestation, and lack of privacy when reviewing documents with counsel.  The military judge concluded that Appellant was appropriately placed in pretrial confinement and classified as a maximum security detainee; that he was not denied appropriate and necessary medical care; and there was no evidence that the Government intended to punish Appellant during his pretrial confinement. However, the military judge granted Appellant two additional days of credit for each of the fifteen days counsel visited Appellant (a total of thirty days), holding that brig personnel improperly reviewed paperwork counsel used during consultations with Appellant.

Complying with a pretrial agreement that provided for suspension of all confinement in excess of eighteen months, Appellant pled guilty to, and was convicted of, simple assault and assault with a deadly weapon in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928 (2000). The military judge sentenced him to a bad-conduct discharge, confinement for twelve months, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade. Appellant received a total of 216 days of credit toward his sentence to confinement -- day-for-day credit for each of the 186 days he spent in pretrial confinement and thirty days due to brig

personnel interfering with his right to counsel.  The convening
authority approved the sentence.

The Navy-Marine Corps Court of Criminal Appeals affirmed.
United States v. Harris, No. NMCCA 200500452, 2007 CCA LEXIS 55,
at *9, 2007 WL 1702575, at *3 (N-M. Ct. Crim. App. Feb. 15, 2007)
(unpublished).  It concluded that the military judge's findings
that Appellant "was not denied appropriate and necessary medical
care and that there was no intent to punish" him while he was in
pretrial confinement was fully supported by the record.  2007 CCA
LEXIS 55, at *7 n.1, 2007 WL 1702575, at *2 n.1.  Nevertheless,
the court granted Appellant one additional day of credit for each
of the 186 days he spent in pretrial confinement, because
Appellant was placed in maximum custody solely based on the
nature and seriousness of the charges against him, and "the
Government presented no evidence that the appellant was a flight
risk or that there was any risk that he would harm himself or
others if lesser degrees of restraint were utilized."  2007 CCA
LEXIS 55, at *6-*7, 2007 WL 1702575, at *2.  The Government has
not appealed that issue.  By granting Appellant an additional 186
days of credit, Appellant's pretrial confinement credit totaled
402 days on a sentence of twelve months.

## II.

"No person, while being held for trial, may be subjected to
punishment or penalty other than arrest or confinement upon the

charges pending against him, nor shall the arrest or confinement imposed upon him be any more rigorous than the circumstances require to insure his presence . . . ."  Article 13, UCMJ, 10 U.S.C. § 813 (2000).

> Article 13, UCMJ, prohibits two things:  (1) the imposition of punishment prior to trial, and (2) conditions of arrest or pretrial confinement that are more rigorous than necessary to ensure the accused's presence for trial.  The first prohibition of Article 13 involves a purpose or intent to punish, determined by examining the intent of detention officials or by examining the purposes served by the restriction or condition, and whether such purposes are "reasonably related to a legitimate governmental objective."  Bell [v. Wolfish], 441 U.S. [520,] 539 [(1979)]; [United States v.] McCarthy, 47 M.J. [162,] 165, 167 [(C.A.A.F. 1997)].
>
> The second prohibition of Article 13 prevents imposing unduly rigorous circumstances during pretrial detention.  Conditions that are sufficiently egregious may give rise to a permissive inference that an accused is being punished, or the conditions may be so excessive as to constitute punishment.  McCarthy, 47 M.J. at 165; United States v. James, 28 M.J. 214, 216 (C.M.A. 1989) (conditions that are "arbitrary or purposeless" can be considered to raise an inference of punishment).

United States v. King, 61 M.J. 225, 227-28 (C.A.A.F. 2005).

Appellant has the burden of establishing his entitlement to relief under Article 13, UCMJ.  United States v. Mosby, 56 M.J. 309, 310 (C.A.A.F. 2002).  In reviewing pretrial confinement issues, we defer to the military judge's findings of fact, including a finding there was no intent to punish, where they are not clearly erroneous.  Id.; King, 61 M.J. at 227.  However, we

5

review de novo the application of the facts to the law and whether Appellant is entitled to credit for violations of the law.  Mosby, 56 M.J. at 310.

### III.

Appellant asserts that the following factual findings were clearly erroneous:  (1) Appellant did not complain about his medical care until July 2004 when he discovered and reported blood in his urine; and (2) the Government took appropriate action once Appellant reported blood in his urine.

Appellant was placed in pretrial confinement on February 27, 2004.  At the time, Appellant was a member of the Medical Rehabilitation Platoon because he had ruptured his spleen during training and had not yet been medically cleared to return to full duty.  He claims that on several occasions he submitted written requests to the brig staff asking to see a doctor for his monthly CT scan to monitor the condition of his spleen, but did not receive an appointment.  On May 2, 2004, Appellant's civilian attorney sent a memorandum to brig and unit reviewing authorities asking that a CT scan be scheduled for Appellant.  When that failed to get a response, the attorney sent another memorandum on June 29, 2004.  After Appellant discovered blood in his urine, he asserts that he consulted with the brig hospital corpsman, but was unable to secure a medical appointment until his military attorney intervened.  Appellant was ultimately diagnosed with an

enlarged prostate.  In fact, Appellant had his CT scan within two weeks and consulted with his doctor about his spleen within three weeks of discovering blood in his urine.

Appellant admitted that he did not possess any paperwork, and there was no entry in his medical records, annotating his need for monthly CT scans.  There is also evidence in the record that Appellant, who was a knowledgeable and persistent user of the prison complaint system, was seen daily by medical personnel and did not express any concern until he discovered blood in his urine.  The brig corpsman testified that he examined Appellant on the day he complained of blood in his urine.  As Appellant appeared to be stable and was scheduled for a CT scan within three days, the corpsman saw no need to refer Appellant to a general surgeon.  The military judge's findings of fact were not clearly erroneous, and Appellant failed to carry his burden of establishing that he was denied adequate and necessary medical care.

## IV.

Appellant also claims that the conditions of his pretrial confinement in maximum custody were unduly rigorous in that he was forced to remain in his cell twenty-one hours each day, wear shackles during his two-hour television break, eat his meals in his cell, endure roaches and mice in his cell, and endure "dire heat" due to a lack of air conditioning.  After considering all

of the evidence developed at trial, the Court of Criminal Appeals concluded that Appellant had only established his entitlement to credit due to his assignment to maximum custody and the attendant conditions directly related to that assignment. Harris, 2007 CCA LEXIS 55, at *7, 2007 WL 1702575, at *2. The Court of Criminal Appeals granted him additional day-for-day credit for those conditions. 2007 CCA LEXIS 55, at *7, 2007 WL 1702575, at *2. Appellant failed to carry his burden of establishing his entitlement to relief beyond that already granted by the Court of Criminal Appeals.

V.

In addition to seeking additional confinement credit, Appellant complains that the relief granted by the Court of Criminal Appeals was not meaningful. By the time the Court of Criminal Appeals granted him the additional 186 days of credit, Appellant had served the full term of his confinement and been out of confinement for over two years. There was no pending confinement against which the credits could be applied. Thus, Appellant asserts that the Court of Criminal Appeals failed to grant him appropriate relief. In his original brief, Appellant asked this Court to set aside his bad-conduct discharge or, in the alternative, the forfeiture of all pay and allowances. By operation of Article 58b, UCMJ, 10 U.S.C. § 858b (2000), setting aside the adjudged forfeitures in this case would not provide any

actual relief to Appellant.  In his reply to the Government's brief, Appellant requested disapproval of confinement and total forfeitures, setting aside the bad-conduct discharge, setting aside all punishment, or limiting the sentence that could be approved following a rehearing.  In light of the offenses of which Appellant was convicted, we conclude that granting Appellant such relief would be disproportionate to any harm he may have suffered.

## VI.

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.