# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

### Senior Airman DUSTIN R. HELPAP
### United States Air Force

### ACM S32017 (recon)

### 21 August 2014

Sentence adjudged 6 December 2011 by SPCM convened at Ramstein Air Base, Germany. Military Judge: Jefferson D. Brown.

Approved Sentence: Bad-conduct discharge, confinement for 6 months, forfeiture of $400.00 pay per month for 6 months, reduction to E-1, and a reprimand.

Appellate Counsel for the Appellant: Major Zaven T. Saroyan.

Appellate Counsel for the United States: Captain Matthew J. Neil; Captain Richard J. Schrider; and Gerald R. Bruce, Esquire.

Before

ALLRED, SARAGOSA, and TELLER
Appellate Military Judges

OPINION OF THE COURT
UPON RECONSIDERATION

This opinion is subject to editorial correction before final release.

PER CURIAM:

In accordance with his pleas, the appellant was convicted at a special court-martial of three specifications of failure to go, two specifications of disrespect towards a superior noncommissioned officer, one specification of willfully disobeying a lawful order, one specification of wrongful use of cocaine, and one specification of incapacitation for proper execution of duties, in violation of Articles 86, 91, 112a, and 134, 10 U.S.C. §§ 886, 891, 912a, 934. A panel of officer members sentenced the appellant to a bad-conduct discharge, confinement for seven months, forfeiture of $400.00 pay per

month for seven months, reduction to the grade of E-1, and a reprimand. The convening authority approved only a bad-conduct discharge, confinement for six months, forfeiture of $400.00 pay per month for six months, reduction to E-1, and a reprimand.

*Procedural History*

On 25 January 2013, The Judge Advocate General of the Air Force appointed Mr. Laurence M. Soybel to the position of appellate military judge on the Air Force Court of Criminal Appeals pursuant to Article 66(a), UCMJ, 10 U.S.C. § 866(a). At the time of this appointment, Mr. Soybel, a retired Air Force officer and former appellate military judge, was serving as a civilian litigation attorney in the Department of the Air Force. On 25 June 2013, the Secretary of Defense, "[p]ursuant to [his] authority under title 5, United States Code, section 3101 *et seq*.," issued a memorandum that "appoint[ed] Mr. Laurence M. Soybel, a civilian employee of the Department of the Air Force, to serve as appellate military judge on the Air Force Court of Criminal Appeals." Memorandum from Sec'y of Def. Chuck Hagel for Sec'y of the Air Force Eric Fanning, (25 June 2013).

When the appellant's case was initially before us, the appellant raised one issue: whether the military judge erred by denying him pretrial confinement credit when the Government failed to hold his pretrial confinement hearing within seven days, as required by Rule for Courts-Martial (R.C.M.) 305, after the justification for the initial delay ceased to exist.

On 1 April 2013, we issued a decision affirming the findings and a modified sentence. *United States v. Helpap*, ACM S32017 (A.F. Ct. Crim. App. 1 April 2013) (unpub. op.). Mr. Soybel was a member of the panel that issued that decision pursuant to his apparent appointment by The Judge Advocate General. This Court then sua sponte reconsidered its decision and issued another decision after Mr. Soybel's appointment by the Secretary of Defense. That decision, issued on 18 July 2013, again affirmed the findings and a modified sentence. *United States v. Helpap*, ACM S32017 (recon) (A.F. Ct. Crim. App. 18 July 2013 (unpub. op.).

The appellant moved to vacate the decision on the basis of Mr. Soybel's participation. On 31 October 2013, our superior court dismissed the petition for review without prejudice. *United States v. Helpap*, 73 M.J. 92 (C.A.A.F. 2013) (mem.). On 15 April 2014, our superior court issued its decision in *United States v. Janssen*, 73 M.J. 221, 225 (C.A.A.F. 2014), holding that the Secretary of Defense did not have the legislative authority to appoint appellate military judges and that his appointment of Mr. Soybel to this Court was "invalid and of no effect."

In light of *Janssen*, we granted the motion for reconsideration on 29 April 2014 and permitted the appellant to file a supplemental assignment of errors. The appellant

submitted a supplemental assignment of errors asserting he is entitled to relief due to excessive post-trial processing delays. With a properly constituted panel, we have reviewed the appellant's case, to include the appellant's previous and current filings and the previous opinions issued by this Court.

*Background*

The appellant was a Senior Airman (E-4) in the 86th Security Forces Squadron, Ramstein Air Base, Germany. After the conduct that led to the charges in this case, the appellant was placed in pretrial confinement on 3 October 2011. The next day, he was sent to the hospital and admitted into the intensive care unit. Finding good cause, the Pretrial Confinement Review Officer (PCRO) delayed the hearing until 11 October 2011, nine days after his initial confinement because the doctors treating the appellant did not think he would be able to attend until then.[1] However, on 7 October 2011, a Friday before a 3-day holiday weekend, the Government emailed trial defense counsel and informed him the appellant would be released from the hospital that day and wanted to know if they could still keep the Tuesday, 11 October 2011, pretrial confinement hearing date. Trial defense counsel replied he could not respond until he spoke with his client, so the Government attorneys were instructed to make the appellant available to defense counsel that day. It is unclear why, but that did not happen.

Despite numerous attempts to contact his client at the confinement facility and inquiries to the base legal office that day as well as the following three-day weekend, trial defense counsel was unable to speak to his client until 0900 on 11 October 2011; about one hour before the delayed hearing. At the hearing, trial defense counsel objected to the delay because the grounds for it ended on Friday, 7 October 2011. Trial defense counsel never made a direct request to the hearing officer to change the date of the hearing to an earlier date.

At trial, the defense asked for three-to-one credit for the two days of delay in holding the appellant's seven-day hearing. The military judge awarded no credit for the delay, finding that initially good cause existed for the delay and the defense could have, but did not, ask the PCRO to reconsider his decision to delay the hearing once the reason for the delay ceased to exist. Citing R.C.M. 305(k), he also found there was no abuse of discretion in the Government's failure to reschedule the hearing to an earlier date.

*Pretrial Confinement under R.C.M. 305*

Rule for Courts-Martial 305(i)(2) requires that, "within [seven] days of the imposition of [pretrial] confinement, a neutral and detached officer . . . shall review the probable cause determination and necessity for continued pretrial confinement." If good

---

[1] The record is not clear who requested the delay, but it does not appear it was the defense.

cause exists, this period can be extended to ten days. R.C.M. 305(i)(2)(B). Rule for Courts-Martial 305(j)(2) requires the military judge to order administrative credit under R.C.M. 305(k) "for any pretrial confinement served as a result of an abuse of discretion" or in violation of certain sections of the rule, including the rule pertaining to seven-day hearings. Under subsection (k), the remedy for violations of R.C.M. 305(i) is one day of administrative credit for each day of violation. If the military judge also finds an abuse of discretion or unusually harsh conditions, he or she can order administrative credit in addition to credit given for the R.C.M. 305(i) violations. R.C.M. 305(k).

R.C.M. 305(k) specifies how the administrative credit is to be applied. It is applied against confinement first. *Id.* If there was none, or an insufficient amount to offset all of the administrative credit, then the credit is applied against hard labor without confinement, then restriction, fine, and forfeiture of pay, in that order. *Id.*

*Standard of Review*

Our standard of review for matters pertaining to the facts and law involved in a pretrial confinement issue is de novo. *See United States v. Cole*, 31 M.J. 270 (C.M.A. 1990); *United States v. Roach* 66 M.J. 410 (C.A.A.F. 2008); *c.f. United States v. Smith*, 53 M.J. 168 (C.A.A.F. 2000). However, the facts in this case are not in dispute.

While the military judge properly credited the appellant for his time served in pretrial confinement, we find that, under the facts of this case, the appellant was entitled to additional administrative credit for the two days of delay in holding his seven-day confinement review. However, we do not find that the remedy should be setting aside the appellant's bad-conduct discharge.

The rule requires a hearing to review the imposition of pretrial confinement by day seven after it begins and allows an extension to day ten if good cause is shown. The burden of proof is on the Government to show compliance with R.C.M. 305. *See United States v. Dent*, 26 M.J. 968, 969 (A.C.M.R. 1988); *see also United States v. Shelton*, 27 M.J. 540, (A.C.M.R. 1988). Here, because of the appellant's hospitalization, it appears the Government arranged for the delay and notified defense counsel of it. The appellant's hospitalization clearly constitutes good cause to justify the delay. The question then becomes is the extension to day nine still valid when the good cause ceases to exist on day five?

Under the circumstances of this case, the Government did not meet its burden of proof of compliance with R.C.M. 305. The primary reason for this is that the Government has not shown good cause continued after the appellant was released from the hospital on day five of his pretrial confinement. It provided no reason either in the record or on appeal justifying the continuation of the extension when the initial reason for

it no longer existed. If good cause existed, despite the appellant's release from the hospital on day five, none was provided.

The Government's argument on appeal echoes the military judge's finding at trial; that the defense did not contact the PCRO and request that he revisit the issue of whether good cause still existed. As a result, the judge found that "the defense failed to show that there was not good cause for setting and keeping the hearing on day nine." The Government also argues that the burden was on the defense to contact the PCRO about whether good cause exists, but he abdicated his responsibility to do so and that, by not so doing, he "invited error." Fortunately, the emails between trial defense counsel and Government counsel are part of the record. A detailed review of the facts reveals the opposite.

On day five, the appellant's first sergeant notified Major S, an assistant staff judge advocate in the 86 AW/JA office, that the appellant would be released from the hospital by that afternoon. He indicated in his 7 October 2011 email, "We are prepared to return him to Mannheim OR hold here if the PTC occurs today." Major S forwarded this email to Captain S, the defense counsel, asking, "Do you have an issue with keeping the hearing on Tuesday[2] at 0900L? If you do, let me know ASAP and I will pass it on to the PCRO." The defense counsel replied that he would have to speak to his client "before [he could] make that determination." In response, Major S replied and copied two captains in the legal office, "Understood. K[] or J[], please work with the unit to make sure [the appellant] gets the opportunity to contact [his defense counsel] before he goes back to Mannheim today." The next contact from the legal office was on the morning of the hearing, which occurred on day nine of the appellant's pretrial confinement, informing the defense his client would be made available to consult.

From this email exchange it is clear: 1) the appellant was available to attend his hearing by day five of his pretrial confinement; 2) it was the Government that desired the continued extension and was asking the defense if he concurred; 3) the Government also told defense counsel it would relay his response to the PCRO; 4) the Government told defense counsel that it would put him in contact with his client so he could respond to the Government's preference for the continued delay; 5) after this initial email exchange, evidence of the Government's efforts to put defense counsel in contact with his client fell into the proverbial black hole, and the defense heard nothing from the legal office until an hour or so before the hearing started on day nine.

Given these facts, we hold the Government did not meet its burden of showing compliance with R.C.M. 305. Its argument that trial defense counsel abdicated his responsibility and invited error is unsupported by the facts. It was the Government that failed to put trial defense counsel in contact with his client after it suggested continuation

---

[2] Tuesday was day nine of the appellant's pretrial confinement.

of the extension. Trial defense counsel was attempting to fulfill his responsibility by discussing the continued delay with his client, but the Government failed to facilitate that contact after it said it would. Regarding the Government's argument that trial defense counsel failed to contact the PCRO, it was the Government who informed trial defense counsel that it would pass his response to the PCRO. Although it is true trial defense counsel could have contacted the PCRO himself, the Government told him it would relay his response. Besides, trial defense counsel would have had nothing to say to the PCRO until he spoke with his client—an event he was dependent upon the Government for arranging.

In pretrial confinement situations, the Government is usually holding all of the cards and has the power to control what occurs with respect to the conditions of pretrial confinement and the seven-day hearing process. It certainly did in this case. Based on the above, we hold the Government did not meet its burden to show compliance with R.C.M. 305, and the appellant is entitled to relief.

*Appropriate Relief*

Our standard of review for pretrial confinement credit is de novo. *United States v. Zarbatany,* 70 M.J. 169, 174 (C.A.A.F. 2011) (quoting *United States v. Spaustat*, 57 M.J. 256, 260 (C.A.A.F. 2002)).

The appellant argues the two-day delay in his seven-day hearing now warrants the dismissal of his bad-conduct discharge. We disagree. While the present case does not involve the conditions of pretrial confinement, *Zarbatany* and its application of remedies under R.C.M. 305(k) provides an excellent analytical framework. Under *Zarbatany*, the relief due "to remedy a violation, if any, requires a contextual judgment, rather than the pro forma application of formulaic rules." *Zarbatany*, 70 M.J. at 176. The factors we consider are "the nature of the . . . violations, the harm suffered by the appellant, and whether the relief sought is disproportionate to the harm suffered or in light of the offenses for which the appellant was convicted." *Id*. at 176-77 (citing *United States v. Harris*, 66 M.J. 166, 169 (C.A.A.F. 2008)).

Here we have a relatively small violation that occurred and, considering the seriousness of the offenses committed, setting aside the bad-conduct discharge would be a disproportionate to a two-day delay.

Because the appellant has completed his confinement there can no longer be an additional one-for-one day of administrative credit applied towards the adjudged

confinement. Consequently, we are left offsetting the two days of administrative credit against the alternative forms of punishments, as detailed in R.C.M. 305(k).[3]

Even though the appellant's seven-day hearing was held two days beyond when it should have been held, it was determined that he should remain in pretrial confinement. That decision was not challenged on appeal and six months of confinement was approved by the convening authority, so he did not spend any excess time in confinement because of the delay. Thus, his harm, if any, was strictly procedural and minor. In light of the facts of this case, we set aside one month of the approved forfeitures, which more than offsets the two days of administrative credit.

*Appellate Review Time Standards*

We review de novo whether an appellant has been denied the due process right to speedy post-trial review and whether any constitutional error is harmless beyond a reasonable doubt. *United States v. Allison*, 63 M.J. 365, 370 (C.A.A.F. 2006). A presumption of unreasonable delay arises when appellate review is not completed and a decision is not rendered with 18 months of docketing the case before this court. *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006). The *Moreno* standards continue to apply as a case continues through the appellate process. *United States v. Mackie*, 72 M.J. 135, 135 (C.A.A.F. 2013). The *Moreno* standard is not violated when each period of time used for the resolution of legal issues between this court and our superior court is within the 18 month standard. *Id*. at 136; *United States v. Roach*, 69 M.J. 17, 22 (C.A.A.F. 2010).

This case was docketed for appeal on 1 February 2012. This Court rendered its initial decision on 1 April 2013 and its reconsideration opinion on 18 July 2013. Both were under the 18-month standard established in *Moreno*. As stated above, our superior court recently decided that one of the judges who participated in that decision was not properly appointed. *See United States v. Janssen*, 73 M.J. 221 (C.A.A.F 2014). Accordingly, we have considered the appellant's court-martial before a properly constituted panel and have issued this decision. The time between our superior court's action and this decision has not exceeded 18 months; therefore the *Moreno* presumption of unreasonable delay is not triggered.

Additionally, Article 66(c), UCMJ, 10 U.S.C. § 866(c), empowers appellate courts to grant sentence relief for excessive post-trial delay without the showing of actual prejudice required by Article 59(a), UCMJ, 10 U.S.C. § 859(a). *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *see also United States v. Harvey*, 64 M.J. 13, 24 (C.A.A.F. 2006). In *United States v. Brown*, 62 M.J. 602, 606-07 (N.M. Ct. Crim. App.

---

[3] Under *United States v. Zarbatany,* 70 M.J. 169, 175 (C.A.A.F. 2011), Rule for Courts-Martial 305(k) is not the sole source of remedies, and we are at liberty to craft others if appropriate.

2005), our Navy and Marine Court colleagues identified a "non-exhaustive" list of factors to consider in evaluating whether Article 66(c), UCMJ, relief should be granted for post-trial delay. Among the non-prejudicial factors are the length and reasons for the delay, the length and complexity of the record, the offenses involved, and the evidence of bad faith or gross negligence in the post-trial process. *Id.* at 607. We find there was no bad faith or gross negligence in the post-trial processing. The reason for the delay was to allow this Court and our superior court to fully consider a constitutional issue of first impression about whether the Secretary of Defense has the authority under the Appointments Clause[4] to appoint civilian employees to the service courts of criminal appeals. We conclude that sentence relief under Article 66, UCMJ, is not warranted.

*Conclusion*

The approved findings and only so much of the approved sentence as provides for a bad-conduct discharge, confinement for six months, forfeiture of $400 per month for five months, reduction to E-1, and a reprimand are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant remains. Articles 59(a) and 66(c), UCMJ. Accordingly, the approved findings and the sentence, as modified, are

AFFIRMED.

FOR THE COURT

LEAH M. CALAHAN
Deputy Clerk of the Court

---

[4] U.S. CONST. art. II, § 2, cl. 2.