**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Airman First Class JAMIE A. HARGETT**
**United States Air Force**

**ACM S32323**

**20 July 2016**

Sentence adjudged 14 May 2015 by SPCM convened at Davis-Monthan Air
Force Base, Arizona. Military Judge: Shelly W. Schools (sitting alone).

Approved sentence: Bad-conduct discharge, confinement for 100 days, and
reduction to E-1.

Appellate Counsel for Appellant: Major Lauren A. Shure and Captain Annie
W. Morgan

Appellate Counsel for the United States: Lieutenant Colonel Jennifer A.
Porter and Gerald R. Bruce, Esquire

Before

SANTORO, MAYBERRY, and BROWN
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent
under AFCCA Rule of Practice and Procedure 18.4.

SANTORO, Judge:

A military judge sitting as a special court-martial convicted Appellant, pursuant to
his pleas, of violating an order from his commander and wrongfully using both oxycodone
and cocaine, in violation of Articles 92 and 112a, UCMJ, 10 U.S.C. §§ 892, 912a. The
adjudged and approved sentence was a bad-conduct discharge, confinement for 100 days,
and reduction to E-1.[1] Appellant asserts that the military judge abused her discretion by

---

[1] Appellant received credit for 70 days of pretrial confinement.

denying his motion for pretrial confinement credit under Article 13, UCMJ, 10 U.S.C. § 813. We disagree and affirm.

*Background*

Appellant had a series of three urinalyses that tested positive for oxycodone. The ensuing investigation determined that Appellant had inappropriately been ingesting oxycodone from a prescription he had received for an earlier injury. Upon learning this, his commander ordered him only to take medications for the purpose and during the time frame for which they were prescribed, unless otherwise directed by a medical provider. Appellant continued using oxycodone in violation of the order. He also used cocaine "around three times."

Additional facts necessary to resolve the assignment of error are included below.

*Article 13, UCMJ*

At trial, Appellant argued that he was entitled to additional credit against any adjudged confinement due to three alleged violations of Article 13, UCMJ: (1) he was comingled with a post-trial prisoner, (2) he was denied access to drug rehabilitation and treatment, and (3) a less-restrictive form of restraint was appropriate. The military judge denied the motion. Before us, Appellant argues that his placement into (and remaining in) pretrial confinement instead of a drug treatment facility constituted a violation of Article 13, UCMJ.[2]

Article 13, UCMJ, states:

> No person, while being held for trial, may be subjected to punishment or penalty other than arrest or confinement upon the charges pending against him, nor shall the arrest or confinement imposed upon him be any more rigorous than the circumstances required to insure his presence, but he may be subjected to minor punishment during that period for infractions of discipline.

Appellant bears the burden of establishing an Article 13, UCMJ, violation. *United States v. Harris*, 66 M.J. 166 (C.A.A.F. 2008). We will not overturn a military judge's findings of fact unless they are clearly erroneous and review de novo whether Appellant is

---

[2] Appellant also invites us to consider arguments about other alleged violations of Article 13, UCMJ, 10 U.S.C. § 813 that he raised at trial. The single assignment of error he presented relates solely to his placement into pretrial confinement in lieu of attendance at the civilian treatment program. We have considered those other arguments, conclude that those issues merit no discussion, and do not entitle Appellant to relief.

entitled to credit for a violation of Article 13, UCMJ. *United States v. King*, 61 M.J. 225, 227 (C.A.A.F. 2005).

Article 13, UCMJ, prohibits two things: (1) the imposition of punishment prior to trial and (2) conditions of arrest or pretrial confinement that are more rigorous than necessary to ensure the accused's presence for trial. The commander's intent and basis for ordering pretrial confinement are important aspects of the analysis. Whether there was an intent to punish is "one significant factor in [the] judicial calculus" for determining whether there has been an Article 13, UCMJ, violation. *United States v. Huffman*, 40 M.J. 225, 227 (C.M.A. 1994) (*citing Bell v. Wolfish*, 441 U.S. 520 (1979)), *overruled on other grounds by United States v. Inong*, 58 M.J. 460, 464 (C.A.A.F. 2003).

Appellant's commander preferred charges against him for the drug violations and disobeying his order. Two days later he ordered Appellant into pretrial confinement. The 48 and 72-hour reviews mandated by Rule for Courts-Martial (R.C.M.) 305 were conducted as required.

Six days after Appellant entered pretrial confinement, a pretrial confinement review officer (PCRO) conducted the review required by R.C.M. 305(i)(2). Among the evidence before the PCRO was that: (1) Appellant had been convicted by summary court-martial for failing to obey his commander's order and using oxycodone; (2) the summary court-martial followed a fourth positive urinalysis; (3) subsequent to the summary court-martial a fifth positive urinalysis result was received (from a sample taken before the court-martial); (4) subsequent to the court-martial a sixth sample was taken and tested positive for both oxymorphone and cocaine; and (5) subsequent to receiving the results of the sixth sample, a seventh sample was obtained and tested positive for both oxymorphone and cocaine. The summary court-martial sentence, which included 30 days' hard labor without confinement, did not deter Appellant's continuing drug use. The PCRO also was aware that Air Force Alcohol and Drug Abuse Prevention and Treatment personnel had recommended that Appellant attend a 28-day in-patient substance abuse treatment program at a civilian facility. After reviewing all of the evidence, the PCRO determined that continued pretrial confinement was necessary.

The following day, Appellant asked the PCRO to reopen the hearing so he could present additional evidence about the security attendant to the civilian facility. The PCRO agreed to receive additional evidence and Appellant presented an affidavit from the treatment facility and a description of their program. Appellant again requested that he be released from pretrial confinement to attend the civilian treatment program. The PCRO denied the request. Appellant then asked his commander to release him from pretrial confinement for the same reason. The commander, too, denied the request.

In finding that the PCRO did not abuse his discretion by denying Appellant's release, the military judge noted that the PCRO "articulated very clearly why this particular

inpatient treatment program was not an adequate lesser form of restraint, to include the fact that it was a voluntary program and that the accused had proven over time, in other voluntary programs, that he cannot be trusted to make responsible and legal decisions." The PCRO concluded that if not confined, Appellant "will most likely continue to wrongfully use [c]ocaine and/or [o]xymorphone" and that lesser forms of restraint had failed. In reaffirming his decision after considering the affidavit, the PCRO again found that there was no evidence that Appellant "could be trusted to make safe and legal decisions" and that "if given the chance to make decisions for himself, he will choose to commit continued crimes and pose a safety threat to those around him by being under the influence." The PCRO concluded by saying, "[t]he issue here is not with the treatment facility, it is with [Appellant] and his inability to control himself and make sound decisions."

Appellant argues that the PCRO's decision, which effectively precluded his attendance at the inpatient treatment program, denied him access to medical care and also forced him to undergo detoxification and the pain attendant thereto in an "inhumane manner."[3] He also argues that going through withdrawal in a confinement facility is unnecessarily harsh, arbitrary and purposeless, and not linked to any reasonable government objective.

Although Appellant goes to great lengths to paint the program at the civilian treatment facility as akin to confinement, the evidence established that attendance at the program was voluntary and that Appellant would be able to leave at will.[4] Appellant's argument that the facility would have called his unit (a five-hour drive away) to notify them of his departure did little to persuade the PCRO, the military judge, or us that it would be an adequate lesser form of "restraint." *See generally United States v. Palmiter*, 20 M.J. 90, 94 (C.M.A. 1985) (assigning pretrial confinee to duties outside the facility when the purpose of confinement is to preclude flight is illogical).

We conclude that neither the PCRO nor the military judge abused their discretion. The only remaining question is whether one or more conditions of confinement violated the Article 13, UCMJ, prohibitions on punishment and unnecessarily rigorous conditions. There was no evidence presented that Appellant requested medical care while in confinement nor that confinement personnel believed he needed such care and failed to provide it. Although Appellant testified about the unpleasantness of his withdrawal while in confinement, there was no evidence that the conduct of government officials caused or exacerbated those symptoms. The military judge did not abuse her discretion in concluding that Appellant failed to meet his burden to establish that a violation of Article 13, UCMJ, occurred.

---

[3] Despite this reference, Appellant does not claim any Constitutional violation occurred.
[4] Appellant does not assert, and the record does not reflect, that the confinement facility was without adequate medical support.

*Conclusion*

The findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court

ACM S32323