# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

―――――――――

### UNITED STATES
Appellee

**v.**

### Michael E. HARRIS, Staff Sergeant
United States Army, Appellant

**No. 18-0364**
Crim. App. No. 20170100

Argued April 10, 2019—May 16, 2019

Military Judge: Daniel G. Brookhart

For Appellant: *Captain Patrick G. Hoffman* (argued); *Colonel Elizabeth G. Marotta, Lieutenant Colonel Tiffany D. Pond, Major Jack D. Einhorn, and Captain Benjamin J. Wetherell* (on brief).

For Appellee: *Captain Natanyah Ganz* (argued); *Colonel Steven P. Haight, Lieutenant Colonel Eric K. Stafford,* and *Captain Jeremy Watford* (on brief); *Major Virginia H. Tinsley.*

Judge RYAN delivered the opinion of the Court, in which Chief Judge STUCKY, and Judges OHLSON, SPARKS, and MAGGS, joined.

―――――――――

Judge RYAN delivered the opinion of the Court.[1]

A military judge sitting as a general court-martial convicted Appellant, pursuant to his pleas, of one specification of desertion in violation of Article 85, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 885 (2012), and three specifications of possessing child pornography in violation of Article 134, UCMJ, 10 U.S.C. § 934. He was sentenced to confinement for five years, reduction to the grade of E-1, forfeiture of all pay and allowances, and a bad-

―――――――――

[1] We heard oral argument in this case at Fort Leavenworth, located in Leavenworth, Kansas, as part of the Court's Project Outreach. This practice was developed as a public awareness program to demonstrate the operation of a federal court of appeals and the military justice system.

conduct discharge. The convening authority approved the adjudged sentence.

The United States Army Court of Criminal Appeals (ACCA) affirmed the findings and sentence. We granted review to determine:

> Whether the Army court erroneously affirmed the military judge's denial of 291 days of Allen credit for pretrial confinement Appellant served in a civilian confinement facility awaiting disposition of state offenses for which he was later court-martialed.[2]

The military judge's factual finding that the 291-day period at issue was confinement for a civilian offense for which Appellant was arrested after the commission of the offenses for which Appellant was court-martialed is supported by the record. Consequently, Appellant is not entitled to administrative credit for those days. Dep't of Defense, Instr. 1325.07, Administration of Military Correctional Facilities and Clemency and Parole Authority encl. 2, para. 3.c. (Mar. 11, 2013, Incorporating Change 3, April 1, 2018) [hereinafter DoDI 1325.07]; *see United States v. Harris*, 66 M.J. 166, 168 (C.A.A.F. 2008) ("In reviewing pretrial confinement issues, we defer to the military judge's findings of fact . . . where they are not clearly erroneous."). The decision of the ACCA is affirmed.

## I. Facts and Procedural History

In March 2013, Appellant was arrested by civilian authorities in Florida for possession of child pornography and released on bond. In August 2013, the state of Florida charged him with forty-four counts of possession of child pornography, in violation of Fla. Stat. § 827.071(5)(a) (2012). He remained free on bond awaiting trial for these charges.

Prior to trial by the state of Florida, Appellant fled to Cambodia in an effort to avoid prosecution, where he re-

---

[2] *United States v. Allen*, 17 M.J. 126 (C.M.A. 1984), was this Court's interpretation of Dep't of Defense, Instr. 1325.4, Treatment of Military Prisoners and Administration of Military Correction Facilities (Oct. 7, 1968) [hereinafter DoDI 1325.4]. DoDI 1325.4 was replaced by DoDI 1325.07.

mained from January 2014 through October 2014. As a result, he failed to appear at his January 28, 2014, pretrial hearing in Florida, which is a felony under Florida law. Fla. Stat. § 843.15(1)(a) (2012), Failure of defendant on bail to appear.

Appellant later turned himself in to Cambodian authorities and was transferred back to the United States. The state of Florida rescinded his bond, placed him in pretrial confinement in a civilian facility on November 6, 2014, and charged him with failure to appear at a hearing while on bail, a violation of Fla. Stat. § 843.15(1)(a).

On August 22, 2016, the Florida prosecutor elected not to prosecute the forty-four counts of possession of child pornography, due to the failure to secure a key witness. Instead, Florida pursued a single count of failure to appear based on Appellant's absence at the pretrial hearing while on bond. Appellant pled no contest in exchange for a sentence recommendation from the prosecutor of 364 days of confinement, with credit for time served. In accordance with the plea agreement, Appellant was sentenced to 364 days confinement with credit for time served. At this point Appellant had spent 655 days in pretrial confinement awaiting the disposition of his civilian charges. Appellant was transferred to military control and transported to Fort Meade, Maryland. There, Appellant was charged with desertion and possession of child pornography and placed in pretrial confinement prior to his court-martial. Appellant pled guilty at his general court-martial and was sentenced to five years confinement.

At sentencing, the defense asked for 482 days of administrative credit, which included 191 days for the time spent in military pretrial confinement[3] and 291 days for the days Appellant spent in civilian pretrial confinement in excess of the 364 days to which he was ultimately sentenced by the state of Florida.

---

[3] The 191 days were calculated as follows: eight days spent confined in Cambodia awaiting extradition to the United States; nine days in civilian confinement in Florida awaiting transportation to Fort Meade; thirty-three days of restriction tantamount to confinement after return to military control; and 141 days for time spent in military pretrial confinement.

The military judge credited Appellant with 191 days for his military pretrial confinement. In denying Appellant credit for the 291 days spent in a civilian confinement facility prior to his Florida criminal trial that were in excess of his ultimate sentence, the military judge made the following finding of fact:

> [T]he evidence shows the entirety of the accused's time in pretrial confinement in Florida was discharged as credit towards his offense [failure to appear] to which he pled "no contest" in Florida. There wasn't any indication or evidence that Florida was holding the accused for the military, or there was any coordination between the State of Florida and the U.S. Army.
>
> Instead, this request for confinement credit is exactly the type covered by the DoD Instruction. The accused was confined in a non-military facility for the offense of failure to appear, for which he was arrested well after the offenses for which this court-martial shall impose sentence today.

In arriving at this conclusion, the military judge referenced and found the following provision of DoDI 1325.07 dispositive:

> [I]f a prisoner (accused) is confined in a non-military facility for a charge or offense for which the prisoner had been arrested after the commission of the offense *for which the military sentence was imposed*, the prisoner (accused) shall receive no credit for such time confined in the non-military facility when calculating his or her sentence adjudged at court-martial.

*Id.* encl. 2, para. 3.c. (emphasis added).

The ACCA held that the military judge's finding of fact about the reason for the civilian pretrial confinement was supported by the record and that a plain reading of DoDI 1325.07 thus precluded awarding Appellant 291 days credit for that period of confinement. *United States v. Harris*, 78 M.J. 521, 525–26 (A. Ct. Crim. App. 2018). We agree.

## II. Discussion

Before this Court, Appellant renews his argument that the military judge erred in denying him pretrial confinement credit for time spent in a civilian confinement facility. For the reasons below, we disagree.

This Court reviews the question whether an appellant is entitled to pretrial confinement credit de novo. *United States v. Smith*, 56 M.J. 290, 292 (C.A.A.F. 2002). This Court will not set aside a military judge's findings of fact unless they are clearly erroneous, but reviews the application of those facts to the law de novo. *Harris*, 66 M.J. at 168. A military judge's factual findings are clearly erroneous when there is no evidence in the record to support the finding or when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *United States v. Criswell*, 78 M.J. 136, 141 (C.A.A.F. 2018).

The military judge found as a matter of fact that Appellant "was confined in a non-military facility for the offense of failure to appear, for which he was arrested well after the offenses [desertion and possession of child pornography] for which this court-martial shall impose sentence today."

While Dep't of Defense, 1325.07–M, DoD Sentence Computation Manual para. C2.4.2 (July 27, 2004, Incorporating Change 3, Sept. 26, 2018), provides that "the judge will direct credit for each day spent in pretrial confinement . . . for crimes for which the prisoner was later convicted," DoDI 1325.07 encl. 2, para. 3.c., specifically precludes the award of pretrial confinement credit where a prisoner "is confined in a non-military facility *for a charge or offense* for which the prisoner had been arrested *after the commission* of the offense for which the military sentence was imposed" (emphasis added).

Dispositive in this case, is the meaning of the DoDI's phrase: "for a charge or offense for which the prisoner had been arrested after the commission of the offense for which the military sentence was imposed," particularly the meaning of the word "for." "When a term is not statutorily defined, we accord [that term] its ordinary meaning." *United*

*States v. Hendrix*, 77 M.J. 454, 457 (C.A.A.F. 2018). We agree with the ACCA that the "correct meaning of [the word] 'for' is closest to 'because of' or 'on account of.'" *Harris*, 78 M.J. at 525 (quoting *Webster's Third New International Dictionary* 886 (1981)). Accordingly, the military judge's factual finding that Appellant was placed in pretrial confinement "for" the offense of failure to appear was not clearly erroneous.

The record provides adequate support for this determination. *See Criswell*, 78 M.J. at 141. First, Appellant was only placed in pretrial confinement after he fled to Cambodia while out on bond and was charged with failure to appear after his return to the United States. Second, Appellant was not confined for the child pornography charges prior to his flight to Cambodia. It seems perfectly accurate to say that Appellant was placed in confinement *because* he fled the country and failed to appear at his hearing and *not* because he possessed child pornography. The record thus supports the military judge's finding that Appellant's confinement in Florida was "for" his failure to appear.[4] Having determined that the military judge's factual finding was not clearly erroneous, we find no error in his application of the law to that factual finding. The denial of the 291 days of civilian pretrial confinement credit aligns squarely with the plain language of DoDI 1325.07 encl. 2, para. 3.c. Appellant's failure to appear charge is a "charge or offense for which [he] had been arrested after the commission of the offense for which the military sentence was imposed" (possession of child pornography). As a result of this separate offense, he was placed in pretrial confinement. A straightforward application of DoDI 1325.07 requires that Appellant "shall receive no credit for

---

[4] Appellant argues that the 291 days of his 655 days of pretrial confinement logically must have been "for" the child pornography charge because he was sentenced to only 364 days of confinement for the failure to appear charge. This argument is without merit. Appellant's period of pretrial confinement for the failure to appear charge simply exceeded his adjudged sentence for that charge by 291 days. A period of pretrial confinement that exceeds the adjudged sentence is not uncommon, nor is it relevant to the instructions set forth in DoDI 1325.07.

such time confined in the non-military facility when calculating his or her sentence adjudged at court-martial."

## III. Judgment

The judgment of the United States Army Court of Criminal Appeals is affirmed.